UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-62206-RUIZ/AUGUSTIN-BIRCH

ROBERT CHELEY,

    Plaintiff,

v.

DAVID VRANICAR, *et al.*,

    Defendants.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

This matter comes before the Court on Plaintiff Robert Cheley's Renewed Motion to Compel Discovery and for Sanctions. DE 45. Defendant David Vranicar filed a Response to the Renewed Motion, and Cheley did not file a Reply. DE 47. The Court set a hearing on the Renewed Motion for May 1, 2025, at 2:00 p.m. DE 43. However, upon review of the parties' briefing, the Court concludes that a hearing is unnecessary to resolve the Renewed Motion. The Court therefore **CANCELS** the hearing set for May 1, 2025, at 2:00 p.m. For the following reasons, the Renewed Motion is **GRANTED IN PART AND DENIED IN PART**.

Before discussing the discovery requests that are at issue, the Court must address the matter of conferral. Cheley states in the Renewed Motion that he attempted to confer with Vranicar to resolve this discovery dispute and that Vranicar did not respond to those conferral attempts. DE 45 at 2–3. Cheley attaches to the Renewed Motion emails from his counsel to Vranicar's counsel, sent on multiple days, outlining purported discovery deficiencies and requesting a telephone conference to discuss them. DE 45-4 at 2–5. In his Response to the Renewed Motion, Vranicar states only that Cheley "fail[ed] to engage in a good faith conferral." DE 47 at 1. Vranicar does

not represent that he responded to any of Cheley's conferral attempts. Certainly, Cheley could not confer if Vranicar was non-responsive to conferral attempts.

Both the Southern District of Florida Local Rules and the Order Setting Discovery Procedures require pre-filing conferral for a discovery motion. *See* Southern District of Florida Local Rule 7.1(a)(2); DE 23 at 1–2. The Court takes seriously the assertion that Vranicar violated the Local Rules and the Order Setting Discovery Procedures by failing to respond to Cheley's conferral attempts. The parties are on notice that, should one or both parties fail to confer meaningfully and in good faith in the future, the Court may impose sanctions.

Moving on to the substance of the parties' discovery dispute, Cheley asks the Court to compel Vranicar's complete responses to Request for Production #'s 1, 8–10, 13–14, and 19, production of payroll records for three pay periods, and answers to Interrogatory #'s 14–18. Vranicar's response to Request for Production # 1 is "Will produce responsive documents." DE 45-1 at 8. As Cheley served his Requests for Production on Vranicar in January, *id.* at 2, 7, Vranicar's responsive documents are past due. *See* Fed. R. Civ. P. 34(b)(2)(A) (providing that "[t]he party to whom the request is directed must respond in writing within 30 days after being served"). Vranicar must produce to Cheley the documents responsive to Request for Production # 1 that are within Vranicar's possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1) (permitting a party to serve a request for the production of "items in the responding party's possession, custody, or control"); *see also Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) ("Under Fed. R. Civ. P. 34, control is the test with regard to the production of documents. Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand.").

Vranicar's responses to Request for Production #'s 8–9 are "Objection. Not relevant." DE 45-1 at 8. These objections are overruled because they are nonspecific, boilerplate objections

that violate the Local Rules and the Order Setting Discovery Procedures. *See* Southern District of Florida Local Rules 26.1(e)(2)(A) ("Where an objection is made . . . to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds."); DE 23 at 4 (ordering that "[t]he parties shall not make nonspecific, boilerplate objections" and that "[a]n objection based on relevance . . . must include a specific explanation describing why the requested discovery lacks relevance").

The relevancy objections are also overruled because they are meritless. Request for Production #'s 8–9 ask for documents relating to interstate commerce activities and annual revenue. DE 45-1 at 6. These documents could prove Cheley's allegations that Defendants were an enterprise engaged in interstate commerce and covered under the Fair Labor Standards Act ("FLSA"), such as his allegations in paragraphs 8, 10–11, and 14 of the Complaint. DE 1 at 5–6. Defendants' status as an enterprise engaged in interstate commerce is an element of Cheley's FLSA claim for overtime wages. *See id.* at 9; 29 U.S.C. §§ 203(s)(1), 207(a)(1). Therefore, Request for Production #'s 8–9 ask for relevant documents. *See* Fed. R. Evid. 401 (stating that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action").

In his Response to the Renewed Motion, Vranicar states that "Defendants are not disputing coverage of the Defendants under the Fair Labor Standards Act." DE 47 at 1–2. Defendants' Answer indicates otherwise. In response to each of Cheley's allegations of FLSA coverage in paragraphs 8, 10–11, and 14 of the Complaint, Defendants answered, "Defendants deny the allegations of this paragraph and demand strict proof thereof." DE 36 at 1. Thus, according to the operative Answer, Defendants are disputing coverage under the FLSA.

Vranicar further states in his Response to the Renewed Motion that "[i]t seems" that Request for Production #'s 8–9 "are directed to Ercole USA, LLC . . . as to which a stay has been

3

entered based upon its pending bankruptcy." DE 47 at 1; *see* DE 10 (staying the case as to Defendant Ercole USA, LLC only due to its filing of a bankruptcy petition). The Requests for Production are directed toward Vranicar, not Ercole USA, LLC, and the case is not stayed as against Vranicar. *See* DE 45-1 at 3 (document titled "Plaintiff's First Request for Production of Documents to Defendant David Vranicar"). Vranicar provides no authority indicating that either discovery or the case as a whole should be stayed as against him due to a bankruptcy filing, and he has not moved for a stay. Vranicar must produce to Cheley the documents responsive to Request for Production #'s 8–9 that are within Vranicar's possession, custody, or control.

Vranicar's responses to Request for Production #'s 10 and 13 are also "Objection. Not relevant." *Id.* at 8. These objections are likewise overruled because they are nonspecific, boilerplate objections that violate the Local Rules and the Order Setting Discovery Procedures. *See* Southern District of Florida Local Rules 26.1(e)(2)(A); DE 23 at 4.

In addition, the relevancy objections are overruled because they are meritless. Request for Production #'s 10 and 13 ask for documents relating to other employees' job descriptions, hours worked, and wages. DE 45-1 at 6. Documents showing the number of hours employees with positions similar to Cheley's position worked could reflect on the veracity of his allegations about the number of overtime hours that he worked, such as his allegation in paragraph 19 of the Complaint. DE 1 at 7. And documents showing the number of hours other employees worked and what they were paid could reflect on the veracity of Cheley's allegations that Defendants had a willful practice of denying employees overtime wages, such as his allegations in paragraphs 23, 29, 31–34, and 36–37 of the Complaint. *Id.* at 7–9. The number of overtime hours that Cheley worked and whether Defendants willfully violated the FLSA pertain to a determination of Cheley's unpaid wages and liquidated damages and pertain to the defense that Defendants have raised as their twelfth affirmative defense. *See* 29 U.S.C. §§ 216(b), 260; DE 36 at 5 (pleading as an

affirmative defense that "Defendant at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that Defendant's actions did not violate the FLSA, and Defendant asserts that a lack of willfulness or intent to violate the FLSA as defense to any claim by Plaintiff for liquidated damages"). Request for Production #'s 10 and 13 ask for relevant documents. *See* Fed. R. Evid. 401. Vranicar must produce to Cheley the documents responsive to Request for Production #'s 10 and 13 that are within Vranicar's possession, custody, or control.

Vranicar's response to Request for Production # 14 is "Objection. Seeks work product." DE 45-1 at 8. Request for Production #14 asks for "[a]ll documents supporting your affirmative defenses," *id.* at 6, and the Court cannot comprehend how *all* such documents would have work product protection. Nevertheless, if Vranicar is withholding responsive material based on work product protection, he must comply with the requirements of Local Rule 26.1(e)(2)(B), (C) relating to the preparation of a privilege log. The Court will not overrule Vranicar's work product objection at this juncture.

In his Response to the Renewed Motion, Vranicar states that Request for Production # 14 "is an improper contention Request for Production." DE 47 at 3. Vranicar did not make this objection in his response to Request for Production # 14. *See* DE 45-1 at 8. Thus, he waived any such objection. *See* Southern District of Florida Local Rule 26.1(e)(2)(A) ("Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived."). Vranicar must produce to Cheley any non-protected documents responsive to Request for Production # 14 that are within Vranicar's possession, custody, or control and must comply with Local Rule 26.1(e)(2)(B), (C) for any purportedly protected documents.

Vranicar's response to Request for Production # 19 is "None. Whatever Ercole has has been produced." DE 45-1 at 9. Vranicar must produce to Cheley the documents responsive to

Request for Production # 19 that are within Vranicar's possession, custody, or control. If a Defendant has already produced the responsive documents to Cheley, Vranicar must point Cheley to the communication(s) where the responsive documents were produced and the date of the communication(s).

Cheley asks the Court to compel Vranicar to produce payroll records for the pay periods of December 15, 2023, February 23, 2024, and March 8, 2024. Request for Production #'s 5–6 asked for all of Cheley's timekeeping and payroll records, and Vranicar's responses to Request for Production #'s 5–6 are "None. Whatever Ercole has been produced." *Id.* at 5, 8. Vranicar must produce to Cheley all of Cheley's timekeeping and payroll records for the pay periods of December 15, 2023, February 23, 2024, and March 8, 2024, that are within Vranicar's possession, custody, or control. If a Defendant has already produced the timekeeping and payroll records for those pay periods to Cheley, Vranicar must point Cheley to the communication(s) where the records were produced and the date of the communication(s). If Vranicar does not have timekeeping and payroll records for those pay periods within his possession, custody, or control, he must state that in amended responses to Request for Production #'s 5–6.

Vranicar's responses to Interrogatory #'s 14–18 are "Objection. This interrogatory relates to discovery as to Ercole which has been stayed by Court." DE 45-3 at 9–10. Again, the case is not stayed as against Vranicar. He must answer Interrogatory #'s 14–18 with the information available to him or under his control. *See Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 471 (S.D. Fla. 2011) (explaining that "a party must provide information in response to a Rule 33 interrogatory if such information is under its control"); *Ecometry Corp. v. Profit Ctr. Software, Inc.*, No. 06-80083-Civ, 2007 WL 9706934, at *6 (S.D. Fla. Mar. 15, 2007) ("Parties responding to interrogatories cannot limit their answers to information within their own knowledge and ignore information that is immediately available to him or under his control.").

6

Finally, Cheley requests an award of expenses and attorney's fees. A court generally must award a movant reasonable expenses when granting a discovery motion but must not make such an award if "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). As this motion is the first instance in which the parties have sought the Court's intervention in a discovery dispute, the Court considers an award of expenses to be unjust at this juncture. Cheley's request for an award of expenses and fees is denied.

For the foregoing reasons, Cheley's Renewed Motion to Compel Discovery and for Sanctions [DE 45] is **GRANTED IN PART AND DENIED IN PART**. Vranicar must serve amended discovery responses and any responsive documents required under this Order, as well as a privilege log if applicable, **within ten days of the date of this Order**. Withholding responsive material may result in sanctions. Fed. R. Civ. P. 37(b)(2), (c)(1). The hearing set for May 1, 2025, at 2:00 p.m. is **CANCELED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 28th day of April, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE