UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-62206-RUIZ/AUGUSTIN-BIRCH

**ROBERT CHELEY,**

    **Plaintiff,**

v.

**DAVID VRANICAR,** *et al.***,**

    **Defendants.**

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S RENEWED SECOND MOTION TO COMPEL DISCOVERY
RESPONSES AND FOR SANCTIONS AGAINST DEFENDANT DAVID VRANICAR**

This matter comes before the Court on Plaintiff Robert Cheley's Renewed Second Motion to Compel Discovery Responses and for Sanctions Against Defendant David Vranicar. DE 75. Vranicar filed a Response to the Renewed Second Motion, and Cheley filed a Reply. DE 80; DE 83. The Court set a hearing on the Renewed Second Motion for July 31, 2025, at 10:00 a.m. DE 82. However, upon review of the parties' briefing, the Court concludes that a hearing is unnecessary to resolve the Renewed Second Motion. The Court therefore **CANCELS** the hearing set for July 31, 2025, at 10:00 a.m. For the following reasons, the Renewed Second Motion is **GRANTED IN PART AND DENIED IN PART**.

Cheley seeks an order compelling Vranicar to produce four categories of material. First, Cheley seeks to have Vranicar verify his interrogatory responses. After Cheley filed the Renewed Second Motion, Vranicar produced verified interrogatory responses. DE 80-1. True, Vranicar should have produced verified interrogatory responses earlier, as the Court ordered him to amend his interrogatory responses by May 8 and as the Federal Rules of Civil Procedure require

interrogatory responses to be signed under oath. DE 48 at 7; Fed. R. Civ. P. 33(b)(3), (5). But it appears to the Court that the parties also were discussing settlement during the month of May, leading to the filing of a notice of settlement and to the temporary closure of this case. DE 60; DE 61; *see* DE 68 at 1 (finding "that Defendant did not issue a unilateral notice of settlement without having first conferred with Plaintiff's counsel"). The case was reopened in July due to the lack of an executed settlement agreement, and Vranicar has verified his interrogatory responses in advance of his deposition and the discovery deadline. DE 70; DE 72; DE 84. Under these circumstances, the Court excuses Vranicar's delay in verifying his interrogatory responses. Cheley's request that Vranicar be compelled to produce verified interrogatory responses is denied as moot.

As the second category of material at issue, Cheley seeks to have Vranicar produce the payroll records of four employees (Johan Mendoza, Rodney Gonzalez, Yasmani Vergara, and Michael Parrish) in response to Request for Production # 13. That request seeks "[a]ll timekeeping and payroll records for employees working in the same position as" Cheley, and the Court already ordered Vranicar to produce documents responsive to the request that are within his possession, custody, or control. DE 45-1 at 6; DE 48 at 5. But Cheley has made no argument and produced no facts showing that the four employees at issue "work[ed] in the same position as" Cheley and that their payroll records therefore are responsive to Request for Production # 13. Cheley's request that Vranicar be compelled to produce additional material responsive to Request for Production # 13 is denied. The Court's prior Order for Vranicar to produce documents responsive to the request that are within his possession, custody, or control remains in place. DE 48 at 5.

As the third category of material at issue, Cheley seeks to have Vranicar produce 2023 and 2024 tax returns in response to Request for Production # 9. That request seeks "[a]ll documents

relating to the company's annual revenue for 2023-2024," and the Court already ordered Vranicar to produce documents responsive to the request that are within his possession, custody, or control. DE 45-1 at 6; DE 48 at 4. The Court's ruling was based on its conclusion that Defendants' annual revenue was relevant to the matter of whether they were an enterprise engaged in interstate commerce, a matter Defendants had put at issue by denying within their Answer that they were an enterprise engaged in interstate commerce. DE 48 at 3. Since the Court issued that ruling, Defendants have amended their Answer to admit some of Cheley's enterprise allegations, but they continue to deny that their annual gross volume of sales exceeded $500,000 in 2024. DE 55 ¶ 11 ("Defendants deny the allegations of this paragraph as to income for 2024."). Thus, Defendants' 2024 revenue remains at issue, and the Court believes that their 2023 revenue could also be informative on that issue. Furthermore, Vranicar has not sought relief from the Court's Order to produce documents responsive to Request for Production # 9 that are within his possession, custody, or control. Cheley's request that Vranicar be compelled to produce 2023 and 2024 tax returns in response to Request for Production # 9 is granted. Vranicar must produce those tax returns to Cheley **within two business days of the date of this Order**.

As the fourth category of material at issue, Cheley seeks to have Vranicar produce material from time-tracking applications that could reflect on the hours Cheley worked. Such material could be responsive to Request for Production #'s 5 and 6, which seek "[a]ll timekeeping and payroll records for Plaintiff." DE 45-1 at 5. Vranicar's responses to those requests were "None. Whatever Ercole has has been produced." *Id.* at 8. **Within two business days of the date of this Order**, Vranicar must produce to Cheley any previously unproduced documents responsive to Request for Production #'s 5 and 6 that are within Vranicar's possession, custody, or control, including responsive material from time-tracking applications.

Vranicar contends that he does not have additional, responsive material from time-tracking applications within his possession, custody, or control.  Cheley argues in response that, because Vranicar produced some material from time-tracking applications, he necessarily must have more material from time-tracking applications within his possession, custody, or control.  DE 83 at 4 ("If Defendant can obtain partial records, he can obtain complete records.").  Cheley's argument does not persuade the Court that Vranicar is withholding responsive material from time-tracking applications that is within his possession, custody, or control.  Logically, a party may have some records, covering a certain timeframe, within his control and not have similar records, covering a different timeframe, within his control.

Finally, Cheley seeks sanctions that include monetary sanctions and adverse inference instructions.  Given the procedural history of this case—which includes its closure for over a month and its recent reopening and the re-commencement of discovery—the Court does not believe that sanctions are warranted at this juncture.  In the future, non-compliance with the Order at docket entry 48 or with this Order may result in sanctions.

For the foregoing reasons, Cheley's Renewed Second Motion to Compel Discovery Responses and for Sanctions Against Vranicar [DE 75] is **GRANTED IN PART AND DENIED IN PART**.  The hearing set for July 31, 2025, at 10:00 a.m. is **CANCELED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 30th day of July, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE